IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3151-FL

| | |
|---|---|
| JOHNNY CLIFTON CYRUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN PATRICIA R. ) | |
| STANSBERRY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss, or in the alternative, for summary judgment (DE #25) of defendants Patricia R. Stansberry ("defendant Stansberry"), Julian Demming ("defendant Demming"), Bonnie Hernandez[1] ("defendant Hernandez"), and Unit Manager Shields ("defendant Shields").[2] Also before the court is the motion to amend (DE #28) filed by plaintiff Johnny Clifton Cyrus ("plaintiff"). These matters are ripe for adjudication. For the reasons that follow, plaintiff's motion to amend is DENIED. Defendants' motion for summary judgment is GRANTED.

---

[1] Plaintiff refers to his case manager Bonnie Hernandez as case manager O'Brien. Bonnie Hernandez provided her correct name in defendants' motion for summary judgment. Accordingly, the court will refer to her by her correct name.

[2] Because the parties attached matters which are outside of the pleadings, defendants' motion to dismiss will be construed as a motion for summary judgment.

## STATEMENT OF THE CASE

On November 12, 2008, plaintiff brought this action against defendants pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). On February 12, 2009, this court conducted a frivolity review of this action and directed plaintiff to particularize his complaint. On February 27, 2009, plaintiff filed his response to this court's order to particularize his complaint. Plaintiff alleged that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment of the United States Constitution because they failed to provide him with a handicap accessible cell. On April 7, 2009, the court allowed plaintiff to proceed with this claim.

On September 18, 2009, defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that plaintiff's deliberate indifference claim should be dismissed as without merit. On October 20, 2009, plaintiff filed a response, as well as a motion to amend his complaint.

## STATEMENT OF THE FACTS

The facts seen in the light most favorable to plaintiff are as follows. On January 17, 2007, plaintiff was transferred to the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner").[3] (Def.s' Mem. Cox Aff. ¶ 6.) Plaintiff is paralyzed and requires the use of a wheelchair. (Id. ¶ 9.) Plaintiff states that he requested a handicap accessible cell when he arrived at FCI-Butner. (Am. Compl. pp. 1-2.) FCI-Butner's policy regarding the assignment of handicap accessible cells

---

[3] This action only concerns the time period of January 17, 2007 through July 24, 2007 when plaintiff was incarcerated at FCI-Butner. On July 24, 2007, plaintiff was transferred to FCI II-Butner and defendants are not employed at that facility. (See Def.'s Mot. for Summary J. p. 11.)

2

provides that such cells are assigned to inmates with the greatest need first. (Def.s' Mem. Demming Aff. ¶ 6.) As a result of this policy, handicapped inmates sometimes are placed in non-handicap accessible cells until handicap accessible cells become available. (Id.)

When plaintiff arrived at FCI-Butner, he was assigned to the Georgia Tech housing unit. (Def.s' Mem. Demming Aff. ¶ 8.) The Georgia Tech housing unit has three handicap accessible cells. (Id. ¶ 7.) However, plaintiff was assigned to a non-handicap accessible cell because the three handicap cells already were occupied by other handicapped inmates who functioned at a lower physical level than plaintiff. (Id. ¶ 8.)

Plaintiff states that on January 31, 2007 he was injured in his non-handicap accessible cell when his "top locker" fell on his head, causing injury to both his head and finger. (Compl. Attach. p. 1.) Plaintiff states that the injury occurred because his cell was too small to accommodate his wheelchair. (Id.) Plaintiff also states that he was injured on February 12, 2007, when he attempted to transfer himself from his wheelchair to the toilet. (Am. Compl. Attach. p.1.)

On February 20, 2007, plaintiff filed an "Attempt to Informal Resolution" administrative remedy request in which he complained about his February 12, 2007 injury and requested to be moved to a handicap accessible cell. (Def.s' Mem. Cox Aff. ¶ 12.) Defendant Demming responded to plaintiff's complaint and stated: "An investigation was conducted in reference to your complaint. (Id.) The investigation concluded that according to the Facilities department, and ACA[4] standards, this facility does meet handicap requirements." (Id. and Attach. 4.)

On or around April 17, 2007, plaintiff filed an institution level administrative remedy request, again complaining that his cell was not handicap accessible. (Def.s' Mem. Cox. Aff. ¶ 13.) Plaintiff

---

[4] The acronym ACA stands for American Correctional Association.

3

also complained that the FCI-Butner facility was not handicap accessible. (Id.) On May 14, 2007, the Federal Bureau of Prisons (hereinafter "BOP") staff granted plaintiff's administrative remedy request, stating: "in order to better meet [his] physical needs, it has been determined that a quarters change will be made." (Def.s' Mem. Cox Aff. ¶ 13 and Attach. 5, p. 2.) On May 26, 2007, plaintiff alleges that he again fell while transferring himself from his wheelchair to the toilet. (Am. Compl. Attach. p. 12.)

On June 20, 2007, plaintiff filed an appeal of his institutional level administrative remedy request to the BOP's Mid-Atlantic Regional Office. (Def.s' Mem. Cox Aff. ¶ 14.) Plaintiff stated in his appeal that he disagreed with the Warden's May 14, 2007 decision because he had not yet changed cells. (Id. ¶ 14 and Attachs 6, 3.) Plaintiff's appeal was denied on July 20, 2007. (Def.s' Mem. Cox Aff. ¶ 14 and Attach. 6, p. 2.) BOP officials explained that plaintiff had been placed in administrative detention on May 10, 2007, and that the cell he was occupying was handicap accessible. (Id.) On July 24, 2007, plaintiff was transferred from FCI-Butner to the Federal Correctional Institution II in Butner, North Carolina (hereinafter "FCI II-Butner"). (Def.s' Mem. Demming Aff. ¶ 11.)

On November 14, 2007, plaintiff appealed the regional level denial of his administrative remedy request to the BOP's central office. (Def.s' Mem. Cox Aff. ¶ 15 and Attach. 7.) On January 29, 2008, plaintiff's central office administrative appeal was closed as moot because plaintiff had been transferred from FCI II-Butner to another facility on January 3, 2008. (Id.)

4

## DISCUSSION

A.  Motion to Amend

Plaintiff seeks to amend his complaint to include a claim pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.*, as well as claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* and § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. Pursuant to Federal Rule of Civil Procedure 15, a petitioner may amend a pleading before trial as a matter of course within fifteen (15) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Plaintiff filed his motion to amend more than twenty-one (21) days after service of defendants' motion for summary judgment. Thus, plaintiff must have leave of court to amend his complaint. "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991.) A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988). The Deasy court found that "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent." Id. (quotation and citation omitted).

Plaintiff filed this motion to amend after defendants moved for summary judgment. Plaintiff has now responded to defendants' motion and the matter is ripe for ruling. Moreover, plaintiff's motion to amend was filed nearly one year after he filed his complaint. Plaintiff has not demonstrated that his proposed amendment resulted from the discovery of new facts that prompted his motion to amend. See Howard v. Inova Health Care Services, 302 Fed. Appx. 166, 181 (4th Cir.

5

Dec. 5, 2008) (unpublished). For these reasons, allowing the amendment would cause undue prejudice to defendants. Therefore, plaintiff's motion to amend is DENIED.

B.  Motion for Summary Judgment

  I.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

  II.  Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

6

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 129 S.Ct. at 821.

A. Deliberate Indifference

The court first will determine whether defendants violated plaintiff's constitutional rights. Plaintiff alleges that defendants acted with deliberate indifference toward his need for a handicap accessible cell. The appropriate framework for evaluating constitutional claims arising from a prison official's "deliberate indifference" to "a substantial risk of serious harm to an inmate" is set out in Farmer v. Brennan, 511 U.S. 825, 828 (1994) (internal quotation marks omitted). First, a constitutional violation can occur only when the deprivation alleged is "objectively, sufficiently serious." Id. at 834 (internal quotation marks omitted). Second, the prison official must have "a sufficiently culpable state of mind." Id. (internal quotation marks omitted). The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. See id. "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. It

7

requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995).

Importantly, a prison official "who actually [knows] of a substantial risk to inmate health or safety may be found free from liability if [he] responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844; see Brown, 240 F.3d at 389. Although it is unclear whether the reasonableness of the response is part of the state of mind requirement or rather derives from the duty to "ensure reasonable safety," Farmer holds that "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Farmer, 511 U.S. at 844-45 (internal quotation marks omitted); see Brown, 240 F.3d at 389.

Defendants allege that plaintiff is unable to satisfy the objective prong of the Eighth Amendment test because he has not alleged a sufficiently serious deprivation. First, defendants argue that plaintiff has not alleged any facts establishing that a handicap cell assignment was medically necessary. Additionally, plaintiff has not alleged a deprivation of his basic human needs. The court recognizes that the failure to provide handicap accessible cells in some instances constitutes an extreme deprivation sufficient to satisfy the Eighth Amendment. See LaFaut v. Smith, 834 F.2d 389, 392-94 (4th Cir. 1987) (finding knowing failure to provide adequate toilet facilities to paralyzed wheelchair-bound prisoner violated Eighth Amendment). However, in this case, plaintiff alleges that a handicap accessible cell was necessary because his ability to maneuver around his cell is impeded. This allegation is not sufficient to demonstrate that he has been deprived of his basic human needs. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995); Thomas v. Pennsylvania Dept. of Corr., 615 F. Supp.2d 411, 423 (W.D. Pa. May 12, 2009) (unpublished) (finding alleged deprivation insufficient to establish Eighth Amendment claim where plaintiff claims only that his

ability to maneuver around his cell is impeded); Glaster v. New Jersey, No. 06-CV-5106, 2008 WL 3582797, *4 (D.N.J. Aug. 11, 2008) (unpublished) (finding no Eighth Amendment violation where handicap plaintiff did not receive handicap accessibility at all times, but was not deprived of his basic human needs). Based upon the foregoing, this court finds that plaintiff has not alleged facts sufficient to demonstrate a serious deprivation under the objective prong of the Eighth Amendment test.

Defendants also challenge plaintiff's ability to satisfy the subjective element of the Eighth Amendment deliberate indifference test. Defendants state that plaintiff was assigned a non-handicap accessible cell when he arrived at FCI-Butner in January 2007 because there were no available handicap accessible cells. It is policy at FCI-Butner that handicap inmates are sometimes placed in non-handicap accessible cells until handicap accessible cells becomes available because there are a limited number of handicap accessible cells. (Def.s' Mem. Demming Aff. ¶ 6.)

Plaintiff states that his non-handicap accessible cell was not adequate because it did not allow him enough room to maneuver his wheelchair. Plaintiff states that he was injured on three occasions due to defendants' deliberate indifference. Plaintiff alleges that defendants were aware of his need for a handicap cell. In particular, plaintiff states that he informed defendant Demming about his need for a handicap accessible cell in January 2007, and that defendant Demming responded that he would look into it. (Am. Compl. p. 1.) Plaintiff states that he spoke with defendant Hernandez a few days later about the same issue, and that she said she would check into it. (Id. p. 2.) Plaintiff states that defendants Shields and Stansberry responded in a similar manner when plaintiff raised the issue of a handicap accessible cell. (Id.)

In addition to plaintiff's alleged informal conversations with defendants regarding his need for a handicap accessible cell, plaintiff raised the issue formally through the BOP's administrative remedy procedures. Plaintiff filed his first administrative remedy request after two alleged falls in his cell.[5] The BOP's responses to plaintiff's grievances reflects that BOP officials, including defendant Stansberry, were responsive to plaintiff's request that he be moved to a handicap accessible cell. The record further reflects that plaintiff was placed in a handicap accessible cell when such a cell became available.

Upon a review of the record, the evidence indicates that defendants were diligent in their efforts to place plaintiff in a handicap accessible cell and responded to plaintiff in a reasonable manner. Plaintiff has not provided any evidence to the contrary. As a result, plaintiff is not able to establish either the objective or the subjective elements of his Eighth Amendment claim. Accordingly, plaintiff has not alleged any constitutional violation, and, therefore, defendants are entitled to qualified immunity.

    B.    Prison Policy

Although plaintiff does not directly challenge the BOP's policy of assigning inmates handicap accessible cells on the basis of greatest need, the court will examine this claim in an abundance of caution. Prison officials may restrict an inmate's constitutional rights through prison regulations. See Turner v. Safley, 482 U.S. 78, 89 (1987). In Turner, the Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89. To determine whether a regulation relied upon

---

[5] Plaintiff's third alleged fall in his cell occurred while he was housed in a handicap accessible cell.

by a defendant is constitutionally permissible, the court must consider the following factors: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; and (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally. Id. at 89-90. When applying these factors, the court must give considerable deference to prison officials' administrative decisions. See Bell v. Wolfish, 441 U.S. 520, 547 (1979); Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ."). An inmate bears the burden of proving that a prison regulation is unconstitutional. See Hause v. Vaught, 993 F.2d 1079,1082 (4th Cir. 1993).

As stated, the DOC has a policy of assigning inmates to handicap accessible cells in a manner in which inmates with a greater need are first assigned to handicap accessible cells. The remaining handicap inmates are assigned to handicap cells as they become available. The court examines the facts pursuant to Turner. First, there is a valid, rational connection between DOC's policy regarding assigning handicap cells in accordance with need and the legitimate governmental interest of fairly allocating governmental resources. DOC has a legitimate interest in determining reasonableness of accommodations request in light of other penological concerns such as security, safety, and administrative exigencies. See Gates v. Rowland, 39 F.3d 1439, 1446-1447 (1987); Bane v. Virginia Dept. of Corr., No. 7:06CV733, 2007 WL 1378523, *11 (W.D. Va. May 8, 2005) (unpublished). Allocating handicap cells to the most needy inmates is an efficient way of allocating limited facility funds. Second, plaintiff was moved to a handicap facility when one became available. Finally, if

this policy were not in effect the inmates most in need of a handicap cell may not have access to such a cell, which would have a great impact on the entire prison population. Accordingly, DOC's policy of allocating handicap cells to inmates in accordance with need does not violate plaintiff's constitutional rights under the Eighth Amendment. Because plaintiff has failed to allege the deprivation of a constitutional right, defendant is entitled to qualified immunity. Therefore, defendants' motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE # 28) is DENIED. However, defendants' motion for summary judgment (DE # 25) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 16th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge